FILED
2026 Mar-25  PM 09:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ALABAMA

## HUNTSVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO. 4:23-CR-00383-CLM-NAD** |
| | § | |
| **NICHOLAS JOHN CARUSO (6)** | § | |

### SENTENCING MEMORANDUM AND REQUEST FOR <u>A VARIANCE FROM U.S.S.G. OFFENSE LEVEL</u>

### (UNDER SEAL)

Now comes Defendant NICHOLAS JOHN CARUSO, through undersigned counsel, and submits this sentencing memorandum and would show the Court as follows:

## I.  <u>INTRODUCTION</u>

CARUSO pled guilty to Count I that charges Conspiracy to Commit Mail Fraud and Wire Fraud, based upon a refund scheme involving many persons across the United States, as referenced in the stipulated Factual Basis.  CARUSO awaits sentencing, and he has cooperated and provided debriefing information that provided additional evidence against other defendants herein.  CARUSO debriefed more than once, and he stood ready to testify.  CARUSO was scheduled to conduct witness preparation for trial testimony with the U.S. Attorney's Office, yet all other Defendants eventually committed to plead guilty, which then did not require CARUSO to testify or do further preparation for testimony.

## II.  DEFENDANT'S INVOLVEMENT

### 1.  CARUSO ACCEPTS RESPONSIBILITY, AND HE WAS AFFILIATED WITH THE SUBJECT COMPANY, NOIR, FOR ONLY ABOUT THREE (3) MONTHS

Mr. CARUSO was a facilitator of the mechanics of refunds when he worked for the subject Noir company for a total of three (3) months.  CARUSO was a lower-level contractor with Noir, who worked the refunds online, and he was given direction by those in management as to what responses to make, questions to ask, and where to send refunds.  CARUSO facilitated approximately ten (10) refunds, and he was personally only paid about $50.00 (fifty dollars).  This is because CARUSO only participated in the Noir company's scheme for about three (3) months, from approximately January 2022 to March 2022.  The Noir conspiracy was carried out by numerous persons from July 2020 to at least July 2022, per the Indictment.

### 2.      CARUSO CONTINUES TO ACCEPT RESPONSIBILITY

CARUSO accepted responsibility early in this process, as he retained counsel and began negotiations for an agreement with the government.  CARUSO admitted his wrongdoing, and he continues to do so.

### 3.      CARUSO HAS DEBRIEFED AND PROVIDED COOPERATION INFORMATION TO THE GOVERNMENT

CARUSO has debriefed with the U.S. Attorney's Office and case agents, and he has provided corroboration as to the methods of management at Noir, the scripts given to employees or contractors, the structure of the company, mechanics of refunds, and other such information.

**a) Authority for a Downward Departure Without a Government Motion**

The Defendant has offered and provided the authorities with information about the activities of others.  However, even if the government does not file a downward departure

motion, this Court may consider the assistance, cooperation, and information provided by a Defendant under §3553(a).

Even before the Guidelines were made merely advisory, authority existed for sentencing courts to consider a defendant's cooperation in the absence of a government filed §5K1.1 motion. In *United States v. Truman*, 304 F.3d 586 (6th Cir. 2002), the court held that the sentencing judge had discretion to depart from a prescribed Sentencing Guideline Range due to *assistance offered by a defendant which did not result in the investigation or prosecution of another individual* Id. at 589-91. The Sixth Circuit reasoned that assistance offered to the government by a defendant can fall under §5K2.0, permitting the sentencing court to exercise its discretion to depart *without a motion from the government*. Id. This is because when a defendant moves for a downward departure based on cooperation not rising to the level of substantial assistance; or not involving the investigation or prosecution of another person; or assistance rendered to state or local authorities, §5K1.1 does not apply, and **the sentencing court may consider the defendant's request regardless of whether the government has made a motion to depart**. *Truman*, 304 F.3d at 591.

Other circuits made similar holdings. The Second Circuit has stated that §5K1.1 is not the exclusive provision for dealing with all cooperation, but rather the court may consider a defendant's cooperation not contemplated by §5K1.1 under the grant of discretion to sentencing judges embodied in §5K2.0. *United States v. Kaye*, 140 F.3d 86 (2nd Cir. 1998) (§5K1.1's application is limited to cooperation with federal authorities. Cooperation directed to state and local authorities is outside the scope, limitation, of §5K1.1 and falls under §5K2.0.); See also *United States v. Gaines*, 295 F.3d 293 (2nd Cir. 2002).

The position of the Second and Sixth Circuits in allowing courts to reward defendants for their efforts at cooperation has been bolstered by the teeth being removed from the Guidelines. Now that the Guidelines are advisory and non-binding, other statutes become more relevant at sentencing. For example, 18 U.S.C. §3661 provides that *no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence (emphasis added). Clearly, this Court not only has the authority to consider the assistance offered by the Defendant, but also has a statutory duty to do so when imposing its sentence.

Thus, in accordance with *Booker* and with 18 U.S.C. §§3553(a) and 3661, the Defendant asks that this Court consider the assistance offered by the Defendant in determining a reasonable sentence to impose in this case.  The Defendant asks this Court to order a non-custody sentence.

**b)  Assistance Offered to Authorities**

<u>Summary List of Cooperation Items Provided to the Government</u>

The following corroborated and strengthened the government's case information and potential testimony of others who would be called as witnesses.

1.  Information about names that CARUSO encountered or saw.

2.  Directives and scripted information that CARUSO was given to use at Noir.

3.  Systems and mechanics used for obtaining refunds, warehousing items actually received but reported as missing or broken, and responses to make.

4.  Information as to how "insiders" at companies would or could be used as conspirators to enable sending more products from false refund claims.

### III.  CARUSO REQUESTS THAT THE COURT CONSIDER THE VARIANCE FACTORS TO DETERMINE HIS SENTENCE

Although the government is moving the Court for a Downward Departure from the USSG, Defendant CARUSO respectfully requests that the Court also take into consideration the personal / "3553 factors" / variance factors also to determine the final sentence to be imposed. As the Court knows, the following, pursuant to 18 U.S.C. §3553(a)(1), Nature and Circumstances of the Offense, can be considered.

#### A.       Personal Factors and Lack of Criminal History

The Defendant also asks that this Court utilize its discretion and duty to impose a reasonable sentence independent of the guideline range calculations, in accordance with the sentencing mandate under §3553(a), specifically pursuant to §3553(a)(1), History and Characteristics of the Defendant.

1. CARUSO has been a productive member of society.

2. CARUSO is a good candidate for supervision, and he has further demonstrated this by being on conditions of release for about two (2) years pending the disposition of this case.

3. CARUSO has no criminal history.

4. CARUSO has the support of family and community.  Letters of support / character letters will be added as addendum documents.

5. CARUSO has been a volunteer in his community.

#### B.       Assistance / Debrief Information Provided to Authorities

II. 3. (above) lists the areas of debriefing and cooperation, in summary, that CARUSO provided to the U.S. Attorney and agents.

**C.**      **A Sentence Within the Guideline Range Is Greater than Necessary to Achieve the Goals of Sentencing, Rebutting the Presumption of Reasonableness.   18 U.S.C. §3553(a)(2)(B)(C) and (D)**

Mitigating factors are present in this case demonstrating that a sentence within that range is greater than necessary to achieve the goals of sentencing, rebutting that presumption.

### 1.    The Defendant's Age Makes It Unlikely That He Will Be a Recidivist

The Defendant's age makes it more unlikely that the Defendant will commit other crimes in the future.  After *Booker*, many sentencing courts have considered a defendant's age as a factor for sentencing under §3553(a), independent of the guidelines. See; *Simon v. United States*, 361 F.Supp.2d 35, 48 (E.D.N.Y. Mar. 17, 2005); United States v. Thomas, 360 F.Supp.2d 238, 243 (D. Mass. 2005); *United States v. Nellum*, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005).

The courts' consideration of age is justified given recent findings of the Sentencing Commission.  **According to the Commission, for defendants over forty (40), the risk of recidivism drops dramatically, lessening the need to protect the public from further crimes of the defendant under 3553(a)(2)(C)**. See, United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines at 12, available at www.ussc.gov/publicat/Recidivism_General.pdf.  **The Commission noted that [r]ecidivism rates decline relatively consistently as age increases, from 35.5% under age 21, to 9.5% over age 50. Id.**

Although Mr. CARUSO is under forty (40) years of age, his lack of criminal history, the fact that he helps support a family, the fact that he has been industrious in supporting himself and

his family, and the fact that he has helped those in the community, suggest that he will not be a recidivist.

### 2.   A Non-Custody Sentence Would Be Appropriate in This Case

One of the important factors in criminal prosecution is to provide deterrence from further criminal activity; however, Mr. CARUSO will not likely be a recidivist.  Also, the undersigned counsel submits that this case and contact with federal officials has made the Defendant aware of the fact that he needs to make sure he makes the right decisions, and the fact that he cannot associate with others who would be negative influences on him.

Additionally, as referenced above, CARUSO was only involved for about three (3) months before he left these activities.

### 3.   Defendant CARUSO is an Excellent Candidate for Probation or Home Confinement

CARUSO, who has no criminal history, does have the support of his family.  But also, he has been on conditions of release for two (2) years, and he has complied with those conditions.

**WHEREFORE**, the Defendant prays that the Court depart downwardly based on the U.S. Attorney's Motion for Downward Departure, but also, the Defendant implores the Court to further consider the factors presented herein.  Additionally, the Defendant requests of the Court a variance from the U.S.S.G. offense level, if need be, based the mitigating factors above and the Defendant's personal factors.  The Defendant submits that, either way, the Court can impose a sentence lower than the recommended U.S.S.G. level with good reason.

Respectfully submitted,


/s/ *John Teakell*
JOHN TEAKELL
Law Office of John R. Teakell
2911 Turtle Creek Blvd.
Suite 300
Dallas, TX  75219
Tele.    (214) 523-9076
Fax      (214) 523-9077
jteakell@teakelllaw.com


**CERTIFICATE OF SERVICE**

I, John Teakell, hereby certify that on this the 25th day of March, 2026, a copy of the foregoing Sentencing Memorandum and Request for a Variance was served on the United States Attorney's Office and all parties via electronic filing.

/s/ *John Teakell*
John Teakell