FILED

2026 Apr-06  AM 07:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | **CASE NO: 4:23-CR-383-CLM-NAD** |
| | ) | |
| **CK CHIKONG TRAN,** | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant files this sentencing memorandum setting forth the relevant factors that the Court should consider in determining what type and length of sentence is sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. 3553(a) and the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738, 756 (2005) in this cause.

**APPLICATION OF STATUTORY SENTENCING FACTORS PURSUANT TO 18 U.S.C. 3553(a) TO THE FACTS OF THIS CASE.**

Instead of being bound by the Sentencing Guidelines in a mandatory or presumptive manner, the Court is now permitted to tailor a sentence in light of statutory factors under 18 U.S.C. 3553(a). Also, 18 U.S.C. 3661 recognizes that no limitation shall be placed on the information concerning his background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

In the present case, the following factors should be when determining what type and length of sentence is sufficient to satisfy the purposes of sentencing:

1

I.      **The Nature and Circumstances of the Offense and History and Characteristics of**

       **the Offender, and**

II.     **The need for the Sentence Imposed to Promote Certain Statutory Objectives:**

       **(A) to reflect the seriousness of the offense, promote respect for law, and provide just punishment for the offense;**

       **(B) to afford adequate deterrence to criminal conduct;**

       **(C) to protect the public from further crimes of the defendant;**

       **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

**Argument**

I.      **The Nature and Circumstances of the Offense and History and Characteristics of the Offender.**

       **(A) Nature and Circumstances of the Offense and Mr. Tran's Discrepancy**

Mr. Tran represents a major discrepancy in this case when compared to the other co-defendants. He is the least, or hardly, a culpable actor in this matter. Critically, Mr. Tran never performed any refunds for Noir Enterprises. His only contribution to the communication groups was occasionally offering circumstantially insignificant advice or insights into the general operation or viability of certain programs. Data analytics further confirm that the nature of Mr. Tran's communications were fundamentally based on criticisms of Noir and the business model itself. Furthermore, Mr. Tran maintained no paid affiliation with Noir Enterprises.

       **(B) History and Characteristics of Mr. Tran**

Mr. Tran is a young man that has survived a traumatic childhood due to complex family dynamics and physical health issues.

Mr. Tran has no criminal history. This offense represents a complete deviation from an

2

otherwise law-abiding life. He has a history of being a productive member of society and has demonstrated a commitment to personal and professional growth outside the limited conduct in this case.

As a testament to his dedication to rehabilitation, Mr. Tran successfully completed the Focus Forward Program.

Mr. Tran maintains the steadfast support of his family and community, ensuring he has a stable environment and the necessary resources to remain a law-abiding citizen. Based on the foregoing Mr. Tran is a low-risk candidate for supervision.

**(C) Data Analytics- Quantitative Limitation of Involvement Assessment**

To provide the Court with objective evidence of Mr. Tran's limited involvement, a multi-model data analysis was conducted using a consensus of the latest most powerful AI technologies – ChatGPT, Claude, Gemini and Grok. These systems cross-referenced the group's communication logs to determine unified results.

The findings are as follows:

Minimal Statistical Footprint: Out of the hundreds of thousands of messages exchanged within the conspiracy's chat logs, Mr. Tran accounted for a statistically negligible 0.6% of total message volume.

Operational Irrelevance: Approximately 85% of Mr. Tran's limited communications consisted of casual banter, trading discussions, or meta-critiques. Only 15% of his messages touched on business operations.

The True Operational Footprint: When adjusting his volume by actual business relevant output, Mr. Tran's functional footprint in the conspiracy is a mere .09%. Statistically, less than

3

one-tenth of one percent of the group's operational dialogue is attributable to him.

Timing and Engagement Pattern: Mr. Tran's participation was intermittent and "burst-heavy". While the broader conspiracy spanned from 2020 to 2022. Mr. Tran's activity was not present until January 30, 2022. He was a peripheral critic who engaged in "argument loops" but was entirely absent from the execution, logistics or sifting that defined the fraud.

## II.    The Need for the Sentence Imposed to Promote Certain Statutory Objectives:

**(A) to reflect the seriousness of the offense, promote respect for law, and provide just punishment for the offense;**

**(B) to afford adequate deterrence to criminal conduct;**

**(C)    to protect the public from further crimes of the defendant;**

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

A sentence at the low end of the guidelines – or a non-custodial sentence- is sufficient, but not greater than necessary, to reflect the seriousness of the offense and promote respect for the law. Given his .09% true relevance score, a custodial sentence would be disproportionate to his actual role. The primary goal of deterrence has been met by the legal process itself, and given his history, there is no need to protect the public from further crimes of this defendant.

The defendant asserts that the sentencing objectives can be satisfied by a non-custodial sentence at the low end of the guidelines. Tran is suffering from many emotional and physical impairments which make incarceration a logistical difficulty. A sentence at the low end of the guidelines can be imposed to satisfy the primary directive of 3553(a) to impose a sentence

4

sufficient, but not greater than necessary to comply with the purposes set forth in 3553(a)(A-D).

As one function of punishment is to deter both this defendant and others, it is submitted that the element of deterrence has been satisfied in this case.

**PROPOSED SENTENCING RANGE AND SENTENCE:**

The sentencing guideline range is dependent upon the Court's rulings on the objections. However, because Mr. Tran did not enter the group until late January 2022, he cannot be held liable for the full loss amount or the total number of victims involved in the multi-year conspiracy.   Under *U.S. v* Hunter, 323 F. 3d 1314 (2003), the Court must make an individualized finding of reasonably foreseeable loss. After his review of the Excel spread sheets, Mr. Tran argues that the appropriate loss amount for his guidelines would be $37,594.50. That amount corresponds to a starting date of January 31, 2022 and ending on February 12, 2022.

Mr. Tran respectfully requests that the Court consider his affiliation but lack of involvement, and his personal characteristics to impose a sentence that is sufficient, but not greater than necessary,

Respectfully submitted,


/s/ Alison Wallace
Alison Wallace
P O Box 36926
Hoover, AL 35236
(205) 500-1667

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing sentencing memorandum upon opposing counsel and the United States Probation Officer on April 2, 2026,

5

by electronically filing the same with the Clerk of the Court using the CM/ECF system.

/s/ Alison Wallace