**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) **Case Number:4:23-cr-00383-CLM-NAD** |
| **v.** | ) |
| | ) |
| **DAMION WAYNE SCARLETT** | ) |

**<u>RESPONSE TO PSR ADDENDUM</u>**

Comes now Damion Wayne Scarlett ("Scarlett") by and through undersigned counsel, respectfully responds to PSR addendum and states the following:

**Sentencing Guidelines Objection #2:**

¶98 should be 0. The government agrees and joined in our objection in Document 253. *See* Footnote 5 on Pg. 19 of Doc. 253. The government's factual stipulation that Scarlett does not qualify for an aggravating role enhancement should be honored by this Honorable Court, or at the very least the government's intentional refusal to prove it should result in the objection being sustained.

Scarlett specifically objects to the factual and legal finding of ¶98 because Scarlett was not qualified for an aggravating role enhancement, which requires the government to prove it. *See United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009) (*citing United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005), *United States v. Liss*, 265 F.3d 1220, 1230 (11th Cir. 2001), *United States v.*

*Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995), and *United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996)); *see also United States v. Rosales–Bruno*, 676 F.3d 1017, 1023 (11th Cir.2012) (defendant's objections to statements in his PSI placed "on the government the burden of proving [the disputed] facts."); *Liss*, 265 F.3d at 1230 ("When a defendant challenges one of the bases of his sentence as set forth in the PS[I], the government has the burden of establishing the disputed fact by a preponderance of the evidence."). That burden shifting regime has been recognized as recently as 2015 in *United States v. Arroyo-Jaimes*, 608 F. App'x 843 (11th Cir. 2015)(unpublished), which held that an objection to facts in the PSR sufficed "to place the burden on the government to produce evidence in support of that fact." *Arroyo-Jaimes*, 608 F. App'x at 846.

**Sentencing Guidelines Objection #1:**

¶95 should be a 0. Probation properly did not apply the enhancement to other similarly situated defendants: Palma, Caruso, and Tinsley.  *See* Docs. 149, 171, and 172. The facts are that Scarlett was a refunder that involved ordering products then lying to get a refund, and there is nothing "especially complex" about using public websites, telegram, as an internet message board to discuss and commit the refund fraud.

The government must prove that Scarlett's conduct was significantly more complex or intricate than the conduct that may typically be employed in the conduct that is the subject of the count of conviction. The question is whether Scarlett's specific methods were more complex than the methods of other people who commit the same type of conspiracies to commit mail and wire fraud on the internet. They used a public website, telegram, to conspire to commit refund fraud. The volume or loss amount does not equal "especially complex" methods to commit internet fraud. The methods used by Scarlett were not "especially complex" as now required by the enhancement. Law enforcement was able to image the websites, identify their targets, and charge them at their convenience. A sophisticated means enhancement requires especially complex methods that are not typical for an internet fraud conspiracy.

Respectfully submitted,

/s/ *Daniel J. Fortune*
Daniel J. Fortune
Fortune Trial Attorneys LLC
2201 4th Avenue N
Birmingham, AL 35203
DFortune@FortuneTrialAttorneys.com
**ATTORNEY FOR MR. SCARLETT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record.

Respectfully submitted,

/s/ *Daniel J. Fortune*

Daniel J. Fortune