FILED
2026 Apr-15  PM 01:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>MIDDLE DIVISION</u>**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**DAVID JAMES PARK,**<br><br>**Defendant.** | **Case No. 4:23-cr-00383-CLM-NAD** |

<u>**SENTENCING MEMORANDUM REGARDING INCLUSION OF
POST-INDICTMENT CONDUCT IN LOSS AMOUNT CALCULATION**</u>

On a conference call this morning, the Court questioned whether the $30,000 in attempted refund fraud Defendant David James Park engaged in after indictment could properly be considered relevant conduct and thus included in the loss calculation under U.S.S.G. § 2B1.1. The United States believes it should be because it is part of a common scheme and the same course of conduct, even if it does not directly relate to the offense of conviction.

1.      For a conviction under 18 U.S.C. § 1349, the applicable guideline range is U.S.S.G. § 2B1.1. That guideline contains a base offense level as well as specific offense characteristics, one of which is an enhancement based on the amount of loss caused, or that was attempted to be caused, by the offense. U.S.S.G. § 2B1.1(b)(1).

2.      Under U.S.S.G. § 1B1.3(a)(1), specific offense characteristics are determined by considering "all acts and omissions committed, aided, abetted,

counseled, commanded, induced, procured, or willfully caused by the defendant" as well as "jointly undertaken criminal activity . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."

3.      For an offense where U.S.S.G § 3D1.2 requires grouping, relevant conduct also includes harm that was "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). U.S.S.G § 2B1.1 is a groupable offense per U.S.S.G § 3D1.2(d), and so Park's relevant conduct includes conduct that was part of the same course of conduct or a common scheme, even if it was not a part of the offense of conviction.

4.      The Guidelines define "common scheme or plan" as two or more offenses that are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." U.S.S.G. § 1B1.3, cmt. n.5(B)(i). Moreover, "[o]ffenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3, cmt. n.5(B)(ii). To determine whether uncharged conduct is relevant conduct, the Court should "evaluate the similarity, regularity, and temporal proximity" between the uncharged conduct and the offense

of conviction. *United States v. Maxwell*, 34 F.3d 1006, 1011 (11th Cir. 1994) (quotations omitted). It should consider "whether there are distinctive similarities between the offense of conviction and the remote conduct that signal that they are part of a single course of conduct rather than isolated, unrelated events that happen only to be similar in kind." *Id*. (quotations omitted).

5.      Here, Park's post-indictment refund fraud is part of a common scheme and the same course of conduct as his pre-indictment refund fraud. It has the same objective and method, and so it qualifies as being part of the same scheme as the charged conspiracy. Even if it did not, however, it would still be part of the same course of conduct. Park had been involved in refund fraud for years before being indicted. (Doc. 177 at 13.) After all, refunding was part of his 2021 New Year's resolutions. (*Id*.)  Park's post-indictment conduct is simply a continuance of his pre-indictment crimes. Thus, "even if the temporal proximity were absent, the degree of similarity of the offenses could support a finding the counts of conviction and uncharged conduct were part of the same course of conduct." *United States v. Obregon*, No. 22-12067, 2023 WL 2518481, at *4 (11th Cir. Mar. 15, 2023)(concluding that separate possessions with intent to distribute heroin that occurred a year apar were part of same course of conduct and common scheme because "the record provides evidence Obregon was trafficking drugs on an ongoing basis . . . .").

3

6.    Other courts have considered post-indictment conduct as part of relevant conduct in economic crimes cases. *See United States v. Harris*, 796 F. App'x 126, 130 (3d Cir. 2019) (finding that defendant's post-indictment conduct was part of a common scheme and considering the losses as relevant conduct); *United States v. Fecondo*, No. CR 22-00011, 2023 WL 7646494, at *8 (E.D. Pa. Nov. 14, 2023) ("Although the Government charged Defendant's failure to pay over employee payroll taxes only during 2015 and 2016, it proved, by a preponderance of the evidence, that Defendant engaged in virtually identical conduct both prior to the investigative period and continuing after the Indictment. Accordingly, I find that the 2017–2019 conduct properly counts as relevant conduct for purposes of determining the tax loss.").

## **CONCLUSION**

The United States asks that the Court consider Park's post-indictment refund fraud when determining his loss amount under U.S.S.G. § 2B1.1(b)(1).

Respectfully submitted,

CATHERINE L. CROSBY
Acting United States Attorney

*/s/ John M. Hundscheid*
John M. Hundscheid
Brett A. Janich
Assistant United States Attorney

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2026, I filed a copy of the foregoing with the

Court through CM-ECF, which caused a copy to be served on counsel of record.


*/s/ John M. Hundscheid*
John M. Hundscheid
Assistant United States Attorney