FILED

2026 Jun-19  AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **)** |
| | **)** |
| **vs.** | **) 4:23-cr-00383-CLM-NAD-8** |
| | **)** |
| **CK CHIKONG TRAN** | **)** |

## DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL AND TO STAY EXECUTION OF SENTENCE PENDING APPEAL

Comes now Defendant CK Chikong Tran, through counsel of record, and pursuant to 18 U.S.C. § 3143(b) and Rule 38 of the Federal Rules of Criminal Procedure, files this Motion for Release Pending Appeal and to Stay Execution of Sentence Pending Appeal, and states as follows:

## I.    INTRODUCTION

### A. *The Indictment and Plea*

On October 25, 2023, Tran and eight other co-defendants were indicted for a single count of conspiracy in connection with alleged refund fraud through a Telegram group known as "Noir's Organization." (See Doc. 1, ¶¶ 18, 21-25.) On November 22, 2024, Tran pleaded guilty pursuant to a negotiated plea agreement. (Doc. 179.)

-1-

### B. Sentencing/Self-Surrender

Tran was sentenced to 21 months. (Doc. 266.) Tran has been allowed to remain free on conditions of release pending his reporting to a designated facility. He is presently scheduled to self-surrender and report on June 29, 2026, at noon. (See Doc. 297.)

### C. Notice of Appeal

Tran has filed a timely notice of appeal as to his sentence. (Doc. 262.) Tran's appeal is pending before the Eleventh Circuit Court of Appeals, and a briefing schedule has been issued in the appeal.

### D. Release on Conditions

Shortly after his arrest, Tran was released on a $50,000.00 appearance bond. (Doc. 9.) Tran was also allowed to remain free after his guilty plea and sentencing. (See Sentencing Tr., at 77.) This Court also recommended that the Bureau of Prisons perform a medical assessment with Tran to determine his best placement prior to Tran's surrender. (See id., at 74.) That assessment has not been conducted as of the time of the filing of this motion.

## II.    REQUEST FOR APPEAL BOND AND STAY

Tran is now making a request of this Court to grant bail pending appeal and to stay his sentence pursuant to 18 U.S.C. § 3143(b), Rule 8 of the Federal Rules of Appellate Procedure, and Rule 38 of the Federal Rules of Criminal Procedure. Tran meets the requirements set out in 18 U.S.C. § 3143(b) for release pending appeal.

Tran would note that this motion is time sensitive, inasmuch as Tran is scheduled to report to a designated facility on June 29, 2026. In support of this motion, Tran includes the following Memorandum of Law.

## III.    MEMORANDUM OF LAW

### A. 18 U.S.C. § 3143

18 U.S.C. § 3143(b) provides:

(b) Release or detention pending appeal by the defendant.

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

(i)  reversal,

(ii)  an order for a new trial,

(iii)  a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b).

1. <u>Risk of Flight / Danger to Safety of Others</u>

Tran is not likely to flee or pose a danger to the safety of any other person or the community if released on conditions pending the resolution of his appeal. As noted above, Tran was released on bond shortly after his initial arrest and has remained on bond since that time without incident.

The fact that Tran has been on bail pending disposition of this case, and has complied with the terms and conditions of bail throughout a

-4-

lengthy period of time pending the disposition of this case is a clear indication that he is not likely to flee, and that he is not a danger and does not post a threat to society. <u>See, e.g.</u>, <u>United States v. Scheur</u>, 626 F. Supp. 2d 611, 615 (E.D. La. 2009); <u>United States v. Price</u>, 611 F. Supp. 502, 503 (S.D. Fla. 1985). Where a district court allows a defendant to remain out on bail and to voluntarily surrender, it is an implicit finding that the defendant is not likely to flee or pose a danger to the safety of any other person or the community. <u>See</u> <u>United States v. Farran</u>, 611 F. Supp. 602, 605 (S.D. Tex. 1985), <u>aff'd,</u> 784 F.2d 1111 (5th Cir. 1986). Here, Tran meets the first criteria for bail pending appeal.

2. <u>Not for Purposes of Delay</u>

Tran's appeal is not for purposes of delay. As explained in greater detail below, the issues that Tran intends to raise on appeal have substantial merit and could likely have a substantial impact on his sentence.[1]

---

[1] The issues as they are presently known to counsel are based on the initial review of the record on appeal and the transcripts. Further study and analysis may reveal additional meritorious issues.

3. <u>Substantial Questions of Law or Fact / Likelihood of Success and Impact on Conviction and Sentence</u>

The issues that Tran anticipates raising on appeal constitute substantial questions of law and/or fact. In <u>United States v. Giancola</u>, the Eleventh Circuit held that a "substantial question" is a question that has more "substance than would be necessary to a finding that it was not frivolous." <u>United States v. Giancola</u>, 754 F.2d 898, 901 (11th Cir. 1985). A substantial question is a "close" question, or one that very well could be decided the other way. <u>Id.</u> The determination as to what is or is not a substantial question must be made on a case-by-case basis.

In determining whether an issue is substantial, the Eleventh Circuit, in <u>Giancola</u>, adopted the reasoning of the Third Circuit in <u>United States v. Miller</u>, where the Third Circuit stated:

> Our task is to give a reasonable construction to the statutory language in a manner that effectuates the congressional intent. Under the new act, after first making the findings as to flight, danger, and delay, a court must determine that the question raised on appeal is a "substantial" one, i.e. it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful. This represents a marked change in the inquiry into the merits in the context of a bail determination, since the 1966 act only required the court to determine whether the issue was "frivolous," see 18 U.S.C. § 3148 (repealed by 1984 Act).

United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985).

The Eleventh Circuit further approved of the analysis in Miller as to the question of what is "likely" to result in a positive outcome for the appealing defendant:

> For a similar reason, the phrase "likely to result in reversal or an order for a new trial" cannot reasonably be construed to require the district court to predict the probability of reversal. The federal courts are not to be put in the position of "bookmakers" who trade on the probability of ultimate outcome. Instead, that language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal. A question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved. A court may find that reversal or a new trial is "likely" only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.

Miller, 753 F.2d at 23.

In this appeal, Tran anticipates raising multiple sentencing issues, including this Court's calculation of the loss amount based on this Court finding that Tran's involvement extended through the full period of the loss; this Court's application of a two-point sophisticated means

-7-

enhancement; and an enhancement for ten-plus victims.[2] These issues could likely result in a favorable outcome for Tran in the appeal. Should any one or more of the sentencing issues result in a reversal and resentencing, Tran's sentence could likely be substantially affected.

If Tran is not granted bond on appeal, he will likely serve a considerable amount of time pending the appeal. The median time for all criminal appeals terminated on the merits in the Eleventh Circuit during the twelve-month period ending September 30, 2025, was 12.4 months.[3] Given this time frame, Tran could serve 60% or more of his sentence before the appeal is disposed of in the Court of Appeals.

Finally, the Bureau of Prison is facing a continued overcrowding crisis in its facilities. While statistics available as of mid-2026 indicate that the BOP is operating at roughly 90% of its total federal inmate capacity, this does not change the fact that the system is chronically

---

[2] While counsel notes that Tran's plea agreement did include a plea waiver, counsel has communicated with the Government and it is counsel's understanding that the Government does not intend to rely on the plea waiver as to any sentencing issues Tran may raise on appeal.

[3] Table B-4A. U.S. Courts of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2025. jb_b4a_0930.2025.pdf (last visited 06.19.2026)

overcrowded and suffers from significant operational strain. Still further yet, and as particularly pertinent to Tran given this Court's identified concerns about his health, in recent years, deficiencies in the provision of healthcare to inmates and sexual abuse of inmates have emerged as additional significant challenges.[4] This situation creates unwarranted dangers to inmates and staff.

## IV.  CONCLUSION

In this case, there is no evidence that Tran is likely to flee, nor is there evidence that he poses a danger to the public. Tran is not bringing this appeal for purposes of delay, and intends to raise substantial issues of law and facts which would likely result in Tran obtaining sentencing relief on appeal.  Therefore, Tran prays that this Honorable Court grant his request to remain on bail pending the disposition of his appeal and for a stay of his sentence pending the disposition of the appeal in this case.

---

[4] Ongoing Challenges Facing the Federal Bureau of Prisons (last visited 06.19.2026).

Respectfully submitted,

*/s/ Lisa M. Ivey*
Lisa M. Ivey (asb-2264-a36i)
Attorney for Mr. Tran

**OF COUNSEL:**
**STUBBS, SILLS & FRYE P.C.**
1724 South Quintard Avenue
Post Office Box 2023
Anniston, Alabama 36202
Phone: (256) 835-5050
Email: lisa@stubbssillsfrye.com

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on this the 19th day of June 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

*/s/ Lisa M. Ivey*
Lisa M. Ivey (asb-2264-a36i)

-10-